UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61270-CIV-DIMITROULEAS/HUNT

LISA CRICHLOW HELLY, individually
and on behalf of all others similarly situated,

        Plaintiff,

v.

SHUTTERFLY LIFETOUCH, INC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Motion to Compel Arbitration and Dismiss Or, In the Alternative, Stay Proceedings. ECF No. 13. The Honorable William P. Dimitrouleas, United States District Judge, referred this Motion to the undersigned for disposition. ECF No. 10[1]; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, the Response, and Reply thereto, as well as the Parties' supplemental filings, the entire record, and applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Defendant's Motion be GRANTED for the reasons outlined below.

**I.    BACKGROUND**

Plaintiff here alleges a putative class action accusing Defendant of violations of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, as amended by Senate Bill No. 1120 ("FTSA"). The issue at the center of this Motion arises from Plaintiff's use of

---

[1] Defendant initially filed this Motion at ECF No. 9, but later refiled the Motion at ECF No. 13. Accordingly, the initial Motion, ECF No. 9, is denied as moot.

Defendant's website to place orders for school photos.  It was from this transaction that the communications at issue in this case ultimately arose.  The website contained Defendant's Terms of Service, which included an arbitration clause and class action waiver.  Defendant now argues that Plaintiff has contractually agreed to pursue this claim via binding, individual arbitration, and that Plaintiff has waived her right to seek any remedies in this Court

Plaintiff argues that no arbitration agreement exists because Defendant's website fails to provide reasonably conspicuous notice of the arbitration provision.  Relying heavily on *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849 (9th Cir. 2022),[2] Plaintiff contends that Defendant's website fails to adequately put users on notice of the terms that the website owner now argues are binding.  *Berman* acknowledges that hyperlinks may be used to disclose terms and conditions but notes that "the fact that a hyperlink is present must be readily apparent. Simply underscoring words or phrases . . . will often be insufficient to alert a reasonably prudent user that a clickable link exists." *Id*. at 857.  The hyperlinks must be conspicuous, "tailored to the reasonably prudent Internet user, not to the expert user." *Id*. Such a hyperlink must be "'set apart' from the surrounding text," and not merely underlined.  *Id*. (citations omitted).

Plaintiff contends that the link at issue here, like the text in *Berman*, was insufficient to put a user on adequate notice.  According to Plaintiff, Defendant's Terms and Conditions link was neither adequately highlighted, nor was its proximity to the button a

---

[2]   The Parties agree that California law applies to the current issue, ECF No. 13 at *1, and this Court sees no reason to depart from this determination.  Given this agreement and the Court's determination that the terms and conditions are enforceable under California law, the undersigned need not address Plaintiff's argument as to whether they are likewise enforceable under Florida law.

user must click on to proceed adequate to provide notice to the user. Defendant responds that the page at issue here is fundamentally different than the page at issue in *Berman*. Defendant argues that the page displayed conspicuous textual notice and an unambiguous statement that Plaintiff agreed to the terms and conditions by clicking "Submit Payment."

## II.   DISCUSSION

As an initial matter, Plaintiff disputes Defendant's contention that whether an agreement to arbitrate exists should itself be left up to arbitration. It is true, as Defendant notes, that federal policy favors enforcement of arbitration agreements. ECF No. 12 at *7-*8, (citing *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (determining that Section 2 of the FAA establishes "'a liberal federal policy favoring arbitration agreements'")). However, the undersigned notes that "courts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010). The undersigned finds that given the nature of the dispute and the potential ambiguities involved, this Court both can and should determine whether the parties did, in fact, come to an agreement regarding arbitration in this case.

The Federal Arbitration Act (FAA) requires district courts to compel arbitration of claims covered by an enforceable arbitration agreement. *Berman*, 30 F.4th at 855 (citing 9 U.S.C. § 3). "Generally, in deciding whether to compel arbitration, a court must determine two 'gateway' issues: (1) whether there is an agreement to arbitrate between

the parties; and (2) whether the agreement covers the dispute." *Cullen v. Shutterfly Lifetouch, LLC*, No. 20-CV-06040-BLF, 2021 WL 2000247, at *5 (N.D. Cal. May 19, 2021) (quoting *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015)). "If the response is affirmative on both counts, then the [Federal Arbitration Act] requires the court to enforce the arbitration agreement in accordance with its terms." *Id.* (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

The website in question appears as follows:



Under California law, Defendant must show that (1) its "website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Brooks v. IT Works Mktg., Inc.*, No. 121CV01341DADBAK, 2022 WL 2079747, at *5 (E.D. Cal. June 9, 2022) (quoting *Berman*, 30 F.4th at 856). "[R]easonably conspicuous notice of the existence of

contract terms and unambiguous manifestation of assent to those terms by consumers are essential if electronic bargaining is to have integrity and credibility." *Berman*, 30 F.4th at 856 (citing *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 35 (2d Cir. 2002)). The undersigned will address each of these necessary elements in order.

      a)    <u>Reasonably conspicuous notice</u>

The undersigned notes that in *Allen v. Shutterfly, Inc.*, No. 20-CV-02448-BLF, 2020 WL 5517172, at *6 (N.D. Cal. Sept. 14, 2020), a court examined what appears to be a nearly identical version of the website, applying the principles outlined in *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177-79 (9th Cir. 2014). The court in *Allen* found that the website adequately required users, under those principles, to "affirmatively acknowledge" the terms of service before proceeding with their purchase. *Allen*, 2020 WL 5517172 at *6 (citing *Nguyen*, 763 F.3d at 1176).

Although it is true that *Allen* was decided prior to *Berman*, the undersigned notes that Plaintiff on multiple occasions cites *Nguyen* as an example of a court's notice inquiry. Likewise, the *Berman* court often looked to *Nguyen* in expressing the principles courts should follow in determining whether notice was reasonably conspicuous. *Berman* 30 F.4th at 846-847. Further, the *Berman* court noted that design elements denoting the existence of a hyperlink may "include the use of a contrasting font color (typically blue) and the use of all capital letters, both of which can alert a user that the particular text differs from other plain text in that it provides a clickable pathway to another webpage." *Id.* The *Berman* court appears to indicate that either of these methods would be satisfactory. *Id.*

5

Here, the "Terms and Conditions" hyperlink is both underlined and uses a contrasting font color, blue, to set it off from the otherwise black text.  Given the guidance from *Berman*, as well as the *Allen* court's decision, the undersigned finds that the text at issue here provides a reasonably conspicuous notice of the terms and conditions to which a user might be bound.

b)  <u>Unambiguous Manifestation of Assent</u>

As the undersigned finds that the terms are reasonably conspicuous, the question now becomes whether there has been unambiguous assent to those terms.   The *Berman* court stated that "language such as, 'By clicking the Continue >> button, you agree to the <u>Terms & Conditions</u>'" would be adequate to put users on notice of the legal significance of their actions. *Id.* at 858.  Here, the website stated that "By clicking 'Submit Payment' I agree to the <u>Privacy Statement</u> and <u>Terms and Conditions</u>."  The undersigned, given the guidance in *Berman*, finds this adequate to explicitly advise a user that by clicking the "Submit Payment" button the user has unambiguously manifested consent to the terms and conditions.

c)  <u>Public injunctive relief</u>

Plaintiff makes an additional argument that the arbitration clause is invalid because it prevents Plaintiff from seeking public injunctive relief, contrary to the holding in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (Cal. 2017).  Defendant argues that *McGill* is inapplicable as that holding applies only to those seeking injunctive relief under particular California laws, which Plaintiff does not seek.   Defendant also contends that the clause does allow Plaintiff to seek individual injunctive relief, and that the agreement's severability clause would allow this Court to compel arbitration in this case even if *McGill* did apply.

6

Here, Plaintiff brings a putative class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.  ECF No. 11.  As "[i]t does not arise under the consumer protection laws of California . . . the *McGill* rule does not apply to the arbitration agreement in this case." *Miracle-Pond v. Shutterfly, Inc.,* No. 19 CV 04722, 2020 WL 2513099, at *7 (N.D. Ill. May 15, 2020); s*ee also Barnes v. StubHub, Inc*., No. 19-80475-CIV-ROSENBERG/REINHART, 2019 WL 11505575, at *4 (S.D. Fla. Oct. 3, 2019) (*"*[E]ven if California law applied to a FDUTPA claim, Barnes has not provided the Court with any legal authority applying *McGill* to consumer protection laws other than California's."); *Roberts v. AT&T*, No. 15 C 3418-EMC, 2018 WL 1317346, at *9 (N.D. Cal. Mar. 14, 2018) (compelling arbitration of non-Californians, despite *McGill*, because the substantive claim arose under Alabama law) *aff'd  Roberts v. AT&T Mobility LLC*, 2020 WL 774368 (9th Cir. Feb. 18, 2020); *Diaz v. Nintendo of America Inc.*, No. C19-1116 TSZ, 2020 WL 996859, at *1 n.4 (W.D. Wash. Mar. 2, 2020) (same regarding non-Californian Plaintiffs).

### III.    RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant's Motion, ECF No. 13, be GRANTED to the extent that Plaintiff should be compelled to attend arbitration on an individual basis, the Court should strike the class allegations in Plaintiff's Complaint, and this Case should be dismissed or stayed pending the outcome of arbitration.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely

object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 29th day of December 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record